IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WALTER KIDDE PORTABLE EQUIPMENT INC., <br> *Plaintiff* <br><br> -vs- <br><br> FIRST ALERT, INC., BRK BRANDS, INC., <br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | W-22-CV-00566-ADA-DTG |

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE (ECF NO. 26)

Before the Court is Defendants' Motion to Transfer Venue for Convenience of the Parties Pursuant to 28 U.S.C. § 1404(a). ECF No. 26.

### I.     Background

This case began on June 2, 2022, when Plaintiff filed its Original Complaint against Defendants. That complaint asserted infringement of U.S. Patent Nos. 7,123,158; 7,525,445; 8,791,828; and 7,403,128 and was filed in the Western District of Texas. ECF No. 1. Plaintiff asserted the patents against smoke and CO alarm systems manufactured or sold by Defendants. *Id*. at ¶¶ 35-40.

Plaintiff asserted that venue over this case is proper in this District for several reasons. First, Plaintiff asserted that Defendants committed acts of infringement in this district, made internet and regular sales in this district, import products into this district from Mexico, and have a regular and established place of business in this district. *Id*. at ¶ 13. Plaintiff made additional allegations that the accused products were labeled to indicate that they originated within and had their customer service team in this district. *Id*. at 14. Plaintiff also included images of Defendants' physical place of business within this district. *Id*. at 15.

Defendants accordingly responded. On August 8, 2022, Defendants served their answer and counterclaims for invalidity of the Patents-in-Suit. ECF No. 13. And on August 29, 2022, Plaintiff answered Defendants' counterclaims for invalidity. Dkt. No. 21.

Finally, on September 19, 2022, Defendants filed the present motion to transfer this case to the Northern District of Illinois for convenience under 28 U.S.C. § 1404(a).

The present motion has been fully briefed, and on February 6, 2023, the Court heard oral argument from the parties.

## II.  LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the 5th Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The Court takes a two-step approach to evaluating a convenience transfer motion. The first—preliminary—step under Section 1404(a) requires determining "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). The second step—if the destination venue would have been a proper venue—requires evaluating "a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of

witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is *clearly* more convenient. *Id.* at 314–15; *IOENGINE, LLC v. Roku, Inc.*, No. W-21-CV-1296-ADA-DTG, 2022 U.S. Dist. LEXIS 192199, at *6 (W.D. Tex. Oct. 10, 2022)(quoting *Volkswagen*, 545 F.3d at 314-15). As the Fifth Circuit has noted, there is always some inconvenience that is "expected and acceptable," and it is not enough that it would be convenient for a defendant to litigate elsewhere. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 629 (5th Cir. 2022). Rather, the movant must "clearly establish good cause for transfer based on convenience and justice." *Id.* (citing *Defense Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)). While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III.    Analysis

Taking the venue steps in order, we begin with a determination of whether venue would be proper in the transferee district and find that it would. Defendants contend that this case could have

been brought in N.D. Illinois where at least one defendant is headquartered and where the alleged infringing activity also occurs. ECF No. 27 at 7. Plaintiff did not contest Defendants' assertion. *See* ECF 34. Rather, Plaintiff responded by addressing the private and public interest factors and the connection of each to the various locations—including N.D. Illinois. *Id*. Thus, Plaintiff appears to concede that venue would have been proper in N.D. Illinois. With the preliminary question satisfied, the Court turns to the private interest factors.

a.   **Relative ease of access to sources of proof.**

Turning to the first private interest factor, the Court analyzes the relative ease of access to sources of proof. In assessing this factor, "a court looks to where *documentary* evidence, such as documents and physical evidence, is stored." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 13, 2019)(emphasis added. As the Fifth Circuit has stated, "[t]he location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022)(citing *In re Volkswagen*, 545 F.3d 304, 316–17 (5th Cir. 2008)).

Defendants contend that the evidence demonstrates this factor favors N.D. Illinois. Specifically, Defendants contend that documents concerning the design, development, and functionality of the accused products are in Illinois. ECF No. 26 at 8. Defendant further contends that "the majority, if not all, documents related to sales, marketing, and research and development can be found in Illinois." ECF No. 26 at 4. Defendants acknowledge that they have a facility in this district where products enter the United States from Mexico, but they claim that there are no "unique repositories or servers in Texas." *Id*. 9. Defendants further speculate that UL Solutions, formerly known as Underwriters Laboratories, will play a role in this case as it is a third party that developed a standard, which Defendants contend is prior art. *Id*. at 8-9. Defendants fail, however, to point to any documentary evidence in UL Solutions' possession in N.D. Illinois. *Id*. Defendants

also point to a potential witness—an inventor of two asserted patents—who is located in N.D. Illinois. Potential witnesses such as UL Solutions and the inventor are properly evaluated under the factors below, and Defendants have failed to identify any documents or other physical evidence that these potential witnesses have or that is located in the N.D. of Illinois. *Id*.

Notably, upon being deposed, Defendant's declarant undercut the importance of N.D. Illinois. The declarant, Jennifer Given, testified that Defendant's source code and other electronic documents would be moving to Resideo's system by March of 2023. *See* ECF No. 34-3 at 20-21. Ms. Given further testified that paper copies of documents related to shipping of the accused products are kept in El Paso, Texas, which is in this district. *Id*. at 21 ("Q. Do you know if there are any paper copies or paper records associated with shipping or distribution of the accused products? A. Yeah, in El Paso, Texas."). That is true for raw materials shipped from this district to Mexico, and all of the accused products shipped from this district to the rest of the United States. *Id*.

Defendant filed a supplement that does little to bolster its arguments. *See* ECF No. 28. That supplement points to an employee of Plaintiff, Mr. Larry Ratzlaff, who allegedly resides in N.D. Illinois and to a meeting of UL Solutions that took place in N.D. Illinois. *Id*. at 2. The existence of Mr. Ratzlaff in N.D. Illinois should be considered under the willing witness standard. Without evidence that he has relevant documents in N.D. Illinois, his presence there has no effect on this standard. In fact, Plaintiff has presented evidence affirmatively stating that Mr. Ratzlaff has no documents in N.D. Illinois related to the standard or this case. ECF No. 34 at 10 & 34-1 ¶ 6. Beyond speculating that documents related to this meeting are relevant, Defendants again failed to point to documents or physical evidence related to this meeting that are actually located in N.D. Illinois. *Id*. Defendants' supplement also makes allegations regarding potential witnesses in both

this district and the transferee district. *Id*. at 2-3. Those witnesses are addressed in the appropriate factor below.

Plaintiff on the other hand identifies substantial evidence that is located in this district. Plaintiff points out that Defendants' facility in this district—the El Paso, Texas facility—"receives and exports components used to manufacture every one of Defendants' smoke and CO alarm products." ECF No. 34 at 9. Plaintiff notes that every single accused product—once its constructed in Mexico—along with its documentation is physically imported into the United States through Defendants' facility in this district. *Id*. at 9-10. Plaintiff provides evidence that shipping and distribution documents for all of Defendants' accused products are kept in hard copy in this district. *Id*. at 10. Plaintiff provides evidence demonstrating that its employee who is located in N.D. Illinois and who participated in the UL Solutions meeting has no documents related to that meeting. *Id*. Finally, Plaintiff provided evidence that even though Defendants failed to identify specific documents, any of Defendants' documents in Illinois are stored electronically and accessible from any location. *Id*. at 11.

The Court finds that Defendants have failed to demonstrate that this factor clearly favors transfer. Plaintiff has demonstrated that every one of Defendants' accused products enters the United States through this district. Plaintiff has presented evidence that the physical devices and their accompanying manuals and documentation enter the United States through this district. And even Defendants have acknowledged that at least one sales employee who is "based in Defendants' Aurora, Illinois corporate headquarters" actually lives and works from San Antonio, Texas and has responsibility for "Texas and several surrounding states." ECF No. 28 at 4; ECF No. 28-1 ¶ 5. While this potential witness, UL Solutions, and the third-party inventor are properly evaluated under the witness factors below, the fact that Defendants' employee is able to support sales to the

region including "Texas and several surrounding states" from this district, undercuts Defendants' contention that the ease of access to sources of proof favor N.D. of Illinois. The Court finds that this factor fails to support transfer.

**b.      The availability of compulsory process to secure the attendance of witnesses.**

The Court next turns to the second factor—the availability of compulsory process to secure the attendance of witnesses.[1] "Unlike the willing witness factor, the compulsory process factor is more about the convenience of the litigating parties in making their case rather than the convenience of the unwilling witnesses compelled to testify." *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021). And as Defendants' noted, "[w]hen there is 'nothing on the other side of the ledger, the factor strongly favors transfer.'" ECF No. 26 at 11 (citing *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021).

Defendants contend that this factor "overwhelmingly" favors N.D. Illinois. *Id*. Defendants point to two third-party witnesses—an inventor of two patents in suit, Joseph DeLuca, and UL Solutions. *Id*. at 11-12. Defendants rely on the declaration of its attorney and an employee—Ms. Givens—for support that Mr. Deluca lives in Oswego, Illinois. *Id*. at 11 (citing ECF No. 26-1 ¶ 17 & 27 ¶ 4). Defendants identify UL Solutions and point to at least one individual connected to UL Solutions that they intend to rely on in this case, Thomas Kondziolka. *Id*. at 12. Defendants have been unable to contact Mr. Kondziolka and make several assumptions based on those attempts including an apparent assumption that he is still located in N.D. Illinois. *Id*. Finally, Defendants'

---

[1] The Court notes that Defendants improperly title this section of their brief ass pertaining to "unwilling witnesses." ECF No. 26 at 11. While that is not the proper phrasing for this factor, the Court notes that there is some dispute over whether there is a presumption of unwillingness or whether unwillingness must be shown. *See In re Google*, No. 2021-170, 2021 WL 4427899, at *6 (Fed. Cir. Sept. 27, 2021); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *4, fn 2 (Fed. Cir. Aug. 2, 2021).

point to another inventor of potential prior art, Kalvin Watson, as a potential witness in allegedly in Chicago and whom they have been unable to contact. *Id*. 12-13 & fn. 6.

Plaintiff on the other hand contends that this factor favors this district. Plaintiff points to several companies and individuals in this district that are subject to compulsory process. ECF No. 34 at 12-14. Plaintiff identifies relevant third parties within this district. These include a company who provides parts for Defendants' accused products and a former employee of Defendants. *Id*. at 12. Plaintiff also identifies two logistic companies involved in the storage, transportation, and distribution of the accused products. *Id*. And finally, Plaintiff identifies its own third-party component supplier as having relevant information and being subject to compulsory process in district. *Id*.

In view of the contested evidence, the Court finds that this factor—the availability of compulsory process to secure the attendance of witnesses—does not clearly weigh in favor of transfer, but is at most neutral. Both parties have identified potentially relevant third-party witnesses in each district. For example, Defendants rely Joseph DeLuca, an inventor on two of the asserted patents and his alleged residence in N.D. Illinois. However, at the time the two patents were filed, Mr. DeLuca was identified as a resident of Colorado Springs, Colorado—as was his co-inventor Jason Sharpe. *See* ECF No. 1-1 at 2 & ECF No. 1-2 at 2. As the patent is the only evidence before this Court concerning Mr. DeLuca's co-inventor, it demonstrates that he does not reside in N.D. Illinois. Considering the number of witnesses in each location, the Court is unable to say that this factor weighs in favor of N.D. Illinois or makes that venue clearly more convenient.

c.    **Cost of attendance for willing witnesses.**

Next the Court turns to the third private interest factor—the cost of attendance for willing witnesses. *In re Volkswagen AG*, 371 F.3d at 203. This factor has been stated by the Federal Circuit Court of Appeals as being "the relative convenience of the two forums for potential witnesses."

*See In re Juniper Networks*, 14 F.4th 1313, 1316 (Fed. Cir. 2021). This has been described as "probably the single most important factor in transfer analysis." *Id*. at 1318 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)).

Defendants contend that this factor favors transfer because "the willing witnesses are overwhelmingly in N.D. Illinois." ECF No. 26 at 13. Defendants assert that most of their witnesses with relevant knowledge are in Aurora, Illinois where research, development, and testing activities take place. *Id*. Defendants originally contended that its only Texas facility was its "distribution warehouse." *Id*. (citing 26-1 ¶ 12). That statement was based on a declaration from Defendants' employee, Jennifer Given, who stated that "[n]one of the members of the sales team for the Accused Products is located in Texas,"—a fact Defendants admit was wrong—and that "[Defendants'] Texas presence is limited to a single distribution center which consists of a warehousing operation for products manufactured in Juarez, Mexico." ECF No. 26-1 ¶¶ 7, 12.

The credibility of Defendants' evidence is questionable. For example, Defendants had to file a supplemental declaration to correct a statement that Defendants' Texas presence "is limited to a single distribution center," because Defendants "have one member of the sales team who lives in the San Antonio area and has responsibility for a region including the state of Texas and several surrounding states." ECF No. 28-1 ¶ 5. That salesperson works from his home in this district. *Id*. Similarly, as noted above, Defendants were acquired by Resideo before suit was filed, but they took no efforts to explore or explain how that acquisition resulted in relevant witnesses or evidence being located outside of N.D. Illinois. *See* ECF No. 34-3 at 20-21. Defendants' declarant testified that electronic evidence is being switched to Resideo's system and that Resideo employees scattered across the country work on the accused products. Yet Defendants' witness did not check

the location of those employees before her depo. *Id*. at 20. In light of such shortcomings, the Court finds Defendants' declarant to have diminished credibility.

Plaintiff contends that when all witnesses are considered this factor weighs against transfer. Plaintiff points to several employee witnesses of Defendants in this district. ECF No. 34 at 14-15. These include employees that work in Defendants' manufacturing facility in Mexico, but live in El Paso, Texas—in this district. *Id*. at 15. It also includes an employee who oversees Defendants' El Paso facility as well as a vice president over its supply chain based in Dallas, Texas. *Id*. 15. Additionally, Plaintiff points out that Defendants were acquired by Resideo, Inc., which is headquartered in Scottsdale, Arizona before the Complaint was filed. *Id*. at 4. At numerous points in its response, Plaintiff points out that in addition to the employee in Dallas, the pre-suit acquisition resulted in relevant employees being located in outside of N.D. Illinois. *Id*. at 1, 3, 4, & 12.

The Court finds that this factor also fails to demonstrate that the transferee district is clearly more convenient. The parties identify numerous employee witnesses in each location—this district and N.D. Illinois. They also identify third-party witnesses located in each district. Given that there are numerous party and third-party witnesses in each venue, the Court is unable to say that Defendants have demonstrated the transferee forum is clearly more convenient, and at most this factor is neutral.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive.

Next, the Court turns to the last private interest factor. This factor requires the Court to consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. Such practical problems require an evaluation of how the court system is best served by the outcome of the motion. *In re Apple, Inc.*, 581 F. App'x at 889.

Defendants contend that this factor favors transfer for two reasons. First, Defendants contend that the case is in its early stages with no other pending motions. ECF No. 26 at 14. Second, Defendants contend that third-parties outside this Court's subpoena power would result in subpoenas being issued by other courts and would require enforcement by other courts. *Id.* at 14. While not specifying who such subpoenas would be directed to, Defendants contend that transferring this case to N.D. Illinois would result in the same court handling the subpoenas and the lawsuit. *Id.* at 15.

Plaintiff disputes these contentions. Plaintiff properly points out that it has identified third-parties in Texas relevant to the design, development, and distribution of the accused products. ECF No. 34 at 11-14, 16. Thus, a transfer would result in merely swapping conveniences. *Innoband, Inc. v. ASO Corp.*, No. 2:01-CV-191-TJW-CE, 2011 WL 835934, at *5 (E.D. Tex. Mar. 4, 2011).

The Court finds this factor fails to demonstrate that N.D. Illinois is clearly more convenient. The parties have identified third-parties in Texas and Illinois that would be subject to subpoenas. Additionally, as noted above, the evidence demonstrates at least one relevant inventor—Jason Sharpe—is located in Colorado. *See* ECF No. 1-1 at 2 & ECF No. 1-2 at 2. As such this factor fails to support transfer and is at most neutral.

### IV.   The Public Interest Factors

Next, the Court turns to the public interest factors affecting transfer.

**a.   The administrative difficulties flowing from court congestion.**

The first public interest factor for the Court to address is the administrative difficulties flowing from court congestion. The parties agree that the time to trial is faster in this district. Even Defendants admit that the median time from filing to trial for civil cases is 48.9 months in N.D. Illinois and 28.3 months in W.D. Texas. ECF No. 26 at 15. While Defendants point to potential congestion created by subpoenas issued to third parties in other districts, any such arguments are

already accounted for under the above-list private factor—availability of compulsory process. That argument has no bearing on this factor. Given the stark difference in time to trial, to the extent this factor is given any weight, it weighs in favor of W.D. Texas and fails to show that N.D. Illinois is clearly more convenient.

**b.      The local interest in having localized interests decided at home.**

Defendants contends that this factor supports transfer. Defendant First Alert contends that "it designs, researches, develops and tests" the accused products in N.D. Illinois. ECF No. 26 at 16. Defendants argue that such evidence outweighs "[e]ven a significant presence in this district." *Id*.

Plaintiff alternatively argues that this factor fails to clearly support transfer and weighs in favor of this district. Unlike the cases cited by Defendants, Plaintiff's point out that every single accused product passes through Defendants' facility in this district. ECF No. 34 at 17. The manuals for the accused products identify the facility in this district as the source of the products. *Id*. Warranty service for the accused products is also performed in this district. *Id*. And despite Defendants' claim that all design, research, and development happen in N.D. Illinois, Plaintiff has presented credible evidence that out of Defendants' 82 employees in this district, at lease one of them is involved in the design, development, and testing of the accused products. *Id*. at 6-7.

The court believes this factor fails to demonstrate that N.D. Illinois is clearly more convenient, and if it is given any weight, it should favor this district. The parties have presented evidence that Defendants have a several employees in both districts. They have also presented evidence of design, development, and testing occurring in both districts. Most importantly, however, the evidence demonstrates that every single accused product enters and leaves the United States through this district. This is unlike the *In re Apple Inc.* case where none of the products were manufactured in this district. *See In re Apple, Inc.*, No. 2021-181, 2021 WL

5291804 (Fed. Cir. Nov. 15, 2021). There is no evidence that the accused products are manufactured or disposed of in N.D. Illinois. Thus, this factor favors W.D. Texas and fails to show N.D. Illinois is clearly more convenient.

**c.    The "familiarity with law" and "conflict of law."**

While the parties contest this factor, the Court finds it is neutral. Defendants contend that this factor is neutral as both venues are well-versed in patent law and this factor fails to support transfer. ECF No. 26 at 17. Plaintiff, however, contends that this factor weighs in favor of this district because this district handles "a far larger volume of patent cases." ECF No. 34 at 18. The Court is unaware of any authority that would support this court's number of patent cases supporting maintaining venue. The Court therefore finds this factor is neutral, which fails to clearly support transfer as well.

## V.    Conclusion

After balancing the private and public interest factors, considering the briefings and oral arguments, and evaluating the credibility of the evidence, Defendants have failed to meet their high burden of showing that transfer to N.D. Illinois is clearly more convenient. The private interest factors are either neutral or favor this district. The public interest factors are also neutral or favor this district. Most notable is the fact that *all* of Defendants' accused products enter the United States through this district. None of the factors demonstrate that N.D Illinois is clearly more convenient.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Transfer Venue to the Northern District of Illinois (ECF No. 26) is **DENIED**.

**SIGNED** this 10th day of March, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE